UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 03/10/2015

UNITED STATES OF AMERICA

-v-

HERNAN MORENO,

Defendant.

No. 94 Cr. 165 (RA)

OPINION

RONNIE ABRAMS, United States District Judge:

On May 30, 1997, a jury found Defendant guilty of violating 21 U.S.C. § 841, 21 U.S.C. § 846, and 18 U.S.C. § 371. On May 26, 1998, the Honorable Sonia Sotomayor, then a United States District Judge, sentenced Defendant to, among other things, a term of life imprisonment. (Dkt. 122.) After the United States Court of Appeals for the Second Circuit remanded this case so that the District Court could make a determination of the amount of powder cocaine involved in the instant offense, see United States v. Moreno, 181 F.3d 206 (2d Cir. 1999), Judge Sotomayor re-sentenced Defendant to a term of imprisonment of 540 months on December 18, 2000. (Dkt. 34.) Specifically, Judge Sotomayor concluded that Defendant's sentencing guidelines range was life imprisonment, based on an offense level of 44 and a criminal history category of I. However, because the combined statutory maximum sentence for all three counts of conviction was 45 years, she imposed that maximum sentence instead.

On August 17, 2010, the Honorable Barbara S. Jones, to whom this case was reassigned after Judge Sotomayor's elevation to the Second Circuit, re-sentenced Defendant pursuant to 18 U.S.C. § 3852(c)(2) to a reduced term of imprisonment of 360 months following an amendment

to the United States Sentencing Guidelines Manual (the "Sentencing Guidelines") made retroactive by the United States Sentencing Commission. (Dkt. 145.). Based on that amendment, Judge Jones calculated that Defendant's amended offense level was 42, with an amended guidelines range of 360 months to life. On December 1, 2012, Judge Jones further reduced Defendant's sentence to 292 months based on a further amendment to the Sentencing Guidelines. She found Defendant's amended offense level was 40, resulting in an amended guidelines range of 292 to 365 months. (Dkt. 153.) Defendant's case has been since reassigned to this Court after Judge Jones's retirement.

On January 12, 2015, Defendant moved for a third reduction of his sentence pursuant to 18 U.S.C. § 3582(c), based on another round of retroactive amendments to the Sentencing Guidelines. (Dkt. 177.) See also U.S.S.G. § 1B1.10(d) (including Amendment 782, which generally reduced most offence levels in § 2D1.1's Drug Quantity Table by two points, as a "covered amendment"). On January 20, 2015, the Government filed its response. (Dkt. 178.) The Probation Office and the parties are in agreement that Defendant is eligible for a sentence reduction and that, under Amendment 782, his offense level is 38, yielding a guidelines range of 235 to 293 months. The Government advises that it "finds nothing in [Defendant's Bureau of Prisons] records to counsel against a reduction in [his] sentence" and that it "does not object" to a sentence within the new guidelines range. (Dkt. 178 at 5.)

The Court, having reviewed Defendant's prison records and concurring in the parties' assessment that a sentence reduction to a term within the amended guidelines range is appropriate pursuant to 18 U.S.C. § 3582(c), will concurrently with this Opinion issue an Order reducing Defendant's offence level to 38 and, consistent with Judge Jones's determination that a term of

imprisonment at the bottom of the advisory guidelines range was appropriate, will reduce Defendant's sentence to 235 months' imprisonment.

The Clerk of Court is respectfully requested to close the motion pending at Dkt. 177.

Dated:   March 10, 2015
         New York, New York

_____
Ronnie Abrams
United States District Judge